IN THE UNITD STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GRAHAM BROTHERS CONSTRUCTION COMPANY, INC., SPECIALIZED SERVICES, INC., LEN-VERANDAHS, LLP, and TED GRAHAM.<br><br>Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW NATIONAL TRUST INSURANCE COMPANY ("National Trust"), Plaintiff in the above-styled action, and shows this Honorable Court the following:

**PARTIES AND JURISDICTION**

1.

At all times material hereto, National Trust is an Indiana corporation.

2.

At all times material hereto, Graham Brothers Construction Company, Inc. ("Graham Brothers") was and is a Georgia corporation with its principal place of

business located in the State of Georgia and can be served through its registered agent: Mr. Claude Graham, 1103 Hwy 29 South, East Dublin, GA 31027.

3.

At all times material hereto, Specialized Services, Inc. ("Specialized Services") was and is a Georgia corporation with its principal place of business located in the State of Georgia and can be served through its registered agent: Thomas E. Jones, Jr., Esq., 191 Peachtree Street, N.E. 34th Floor, Atlanta, GA 30303.

4.

At all times material hereto, Len-Verandahs, LLP ("Len") was and is a Florida corporation with its principal place of business located in the State of Florida ad can be served through its registered agent: CT Corporation System, 1200 South Pine Island Rd, Plantation, FL 33324.

5.

Upon information and belief, Ted Graham was and is a Georgia resident and 1103 Hwy 29 South, East Dublin, GA 31027.

6.

There is a real, substantial and justiciable controversy between the parties concerning their relationship with respect to insurance coverage.

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between National Trust and the Defendants, and the matter in controversy exceeds the sum of $75,000.

8.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## ISSUANCE OF THE POLICY AND CHOICE OF LAW

9.

National Trust issued policy CPP0004212 to Graham Brothers Construction effective November 1, 2004 through November 1, 2006 with some periodic lapses during the policy period.

10.

A copy of the Policy is attached hereto as Exhibit "A" and incorporated herein by reference.

11.

In 2005, the Policy was endorsed to add Specialized Services as an insured. Therefore, the Policy, all conditions, endorsements and exclusions are equally applicable to Specialized Services as they are to Graham Brothers.

12.

Pursuant to Georgia law, Georgia law must be applied in the interpretation of the National Trust insurance contract issued to a Georgia insured. <u>Federal Ins. Co. v. National Distributing Co., Inc.</u>, 203 Ga. App. 763 (1992).

## UNDERLYING CLAIMS

13.

On May 27, 2008, Len filed suit against Specialized Services for breach of a construction contract and indemnification and against Ted Graham for negligence related to work done in or around August 2005 at a residential community known as The Verandahs.

14.

A true and correct copy of the Len Complaint is attached hereto as Exhibit "B" and incorporated herein by reference.

15.

Specialized Services, pursuant to the contract, was to perform removal of vegetation, deep clearing, grubbing, and preparing pads for homesites.

16.

Len alleges that instead of removing the various organic material, Specialized Services buried the organic material, including stumps and roots on site, and failed to adequately remediate its actions.

17.

The Ryland Group, Inc. the purchaser of homesites in The Verandahs, on or about March 20, 2007, notified Len of its intention to rescind its contract to purchase lots in The Verandahs, seeking damages and payments from Len as a result of Specialized Services actions.

18.

After over two years of litigation, on June 28, 2010, the Honorable Judge W. Lowell Bray, Jr. of the Sixth Judicial Circuit of the State of Florida in and for Pasco County, entered a final judgment against Specialized Services in the amount of $2,767,691.37.  By letter dated July 22, 2010, Len-Verandahs, LLP demanded coverage under the Plaintiff's policy and demanded that Plaintiff pay the judgment.

## **COUNT I:**

## **COVERAGE ELIMINATED BECAUSE OF LATE NOTICE**

19.

National Trust incorporates by reference Paragraphs 1 – 18 as if the same were fully set forth at length herein.

20.

The National Trust Policy issued to Graham Brothers, of which Specialized Services is a named insured, contains the following condition with regard to notice and cooperation by the insured:

> **2.  Duties in the Event of Occurrence, Offense, Claim or Suit**
>
> a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
>    (1) How, when and where the "occurrence" or offense took place;
>
>    (2) The names and addresses of any injured persons and witnesses: and
>
>    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b.  If a claim is made or "suit" is brought against any insured, you must:
>
>    (1) Immediately record the specifics of the claim or "suit" and the date received; and
>
>    (2) Notify us as soon as practicable.
>
>    You must see to it that we receive written notice or the claim or "suit" as soon as practicable.
>
> c.  You and any other involved insured must:
>
>    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
>
>    (2) Authorize us to obtain records and other information;
>
>    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any per son or organization which may be liable to the insured because of injury or dam age to which this insurance may also apply.

21.

The Len Complaint was filed on May 17, 2008 against Specialized Services. Specialized Services was served with said Complaint in or around June 18, 2008. At no time upon receipt of the suit did Specialized Services inform National Trust of any claim or suit against it.

22.

The policy requires that Specialized Services inform National Trust "as soon as practicable" of an occurrence or offense that may result in a claim.

23.

The policy provides that "[i]f a claim is made or 'suit' is brought against any insured, you must:(1) Immediately record the specifics of the claim or "suit" and the date received; and (2) Notify us as soon as practicable."

24.

National Trust did not receive any notice of any claim or lawsuit against Specialized Services from Specialized Services itself.

25.

As of the date of filing the above-styled action, Specialized Services still has not given notice to National Trust of the underlying suit.

26.

Without giving notice to National Trust, Specialized Services answered the Len Complaint on August 13, 2008. Specialized Services amended its complaint on May 14, 2009.

27.

National Trust's duty to defend and indemnify Specialized Services and/or Graham Brothers is extinguished because of this late notice and/or lack of notice and because of Specialized Service's and/or Graham Brothers' failure to comply with a condition precedent to coverage under the National Trust policy.

## COUNT II

### NO COVERAGE UNDER INSURING AGREEMENT FOR THE UNDERLYING CLAIMS

28.

National Trust incorporates by reference Paragraphs 1 – 27 as if the same were fully set forth at length herein.

29.

The National Trust policy provides the following insuring agreement:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> (2) The "bodily injury" or "property damage" occurs during the policy period ...

30.

The policy requires that property damage be caused by an occurrence and occur during the policy period.

31.

The policy defines property damage as:

> a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

32.

All the claims by Len in the underlying action against Specialized Services are for damages to Specialized Services own work and thus no property damage has been alleged.

33.

The policy defines an occurrence as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

34.

Len has alleged claims of breach of contract and indemnification against Specialized Services.

35.

Claims of breach of contract are not considered occurrences under the law.

36.

The claim for indemnification in this matter is essentially a breach of contract claim and is not considered an occurrence under the law.

37.

No occurrence has been alleged against Specialized Services.

38.

Because there is no allegation of property damage caused by an occurrence against Specialized Services, there is no coverage under the insuring agreement.

## COUNT III

## COVERAGE EXCLUDED BY CONTRACTUAL LIABILITY EXCLUSION

39.

National Trust incorporates by reference Paragraphs 1 – 38 as if the same were fully set forth at length herein.

40.

The National Trust Policy issued to Graham Brothers, with Specialized Services as a named insured, contains the following exclusion to coverage:

> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have had in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.
>
> The policies define "insured contract" as:
>
> "Insured contract" means:
>
> . . .
>
> f.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party

to pay for "bodily injury" or "property damage" to a third person or organization. . . .

41.

This exclusion eliminates coverage for claims that arise from assumption of liability in a contract.

42.

Len's claims arise solely due to an alleged breach of contract, and cannot be classified as a tort claim, and thus this exclusion applies to eliminate coverage under the National Trust policy.

## COUNT IV

## COVERAGE EXCLUDED BY YOUR WORK EXCLUSION

43.

National Trust incorporates by reference Paragraphs 1 – 42 as if the same were fully set forth at length herein.

44.

The National Trust Policy issued to Graham Brothers with Specialized Services as a named insured contains the following exclusion to coverage:

l. **Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion does not apply if the damaged work or

the work out of which the damage arises was performed on your behalf by a subcontractor.

"Your work":

a. Means:
(1) Work or operations performed by you or on your behalf; and
(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes
(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
(2) The providing of or failure to provide warnings or instructions.

"Products-Completed operations hazard" is defined as:

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

> Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete, will be treated as completed.
>
> . . . .

45.

This exclusion eliminates coverage for damage to the actual work that has been completed by Specialized Services.

46.

All of the allegations by Len in the underlying action relate to Specialized Services work and thus are excluded from coverage under the National Trust policy.

## COUNT V

## COVERAGE EXCLUDED BY IMPAIRED PROPERTY EXCLUSION

47.

National Trust incorporates by reference Paragraphs 1 – 46 as if the same were fully set forth at length herein.

48.

The National Trust Policy issued to Graham Brothers with Specialized Services as a named insured contains the following exclusion to coverage:

> **m. Damage To Impaired Property Or Property Not Physically Injured.**

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
>
> "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
>
>> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>>
>> b. You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by:
>
>> a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>>
>> b. Your fulfilling the terms of the contract or agreement.

49.

This exclusion eliminates coverage for damage to property that has not been physically injured or for which the claimed damages are only for loss of use of that property. The exclusion bars coverage when the claimant's property can be restored to use by repair or replacement of the insured's work.

50.

Because the repair, replacement, or removal of Specialty Services' work will restore the project, this exclusion eliminates coverage under the National Trust policy.

## COUNT VI:

## REQUEST FOR DECLARATORY RELIEF

51.

National Trust incorporates by reference Paragraphs 1 – 50 as if the same were fully set forth at length herein.

52.

National Trust is in doubt as to its rights and obligations under the policies and seeks a declaration from this Court as to how to proceed, and requests this Court to declare that there is no coverage in connection with the loss(es) arising out of the incident(s) as alleged by Len, under the terms of the policies and that National Trust is not obligated to expend any sums on behalf of Specialized Services and Graham Brothers with regard to this claim.

WHEREFORE, Plaintiff, National Trust Insurance Company, respectfully requests this Honorable Court to declare and enter judgment as follows:

a. That the Court declare that the allegations against Specialized Services are specifically excluded from coverage under the National Trust policy;

b. That the Court declare that National Trust is not obligated to defend, indemnify or expend any sums on behalf of Specialized Services and/or Graham Brothers for any damages or bodily injury arising out of the incident(s) described above, including but not limited to the defense and indemnity of Specialized Services and/or Graham Brothers in the lawsuit filed by Len;

c. That the Court tax costs against Specialized Services and/or Graham Brothers and in favor of National Trust; and

d. That the Court award such further relief as may be deemed appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

This 10th day of August, 2010.

                Respectfully submitted,

                GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
                Attorneys for Third Party Defendants

BY: _____
                ROBERT M. DARROCH
                GA State Bar No.:  205490

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone: (404) 264-1500
Fax:   (404) 264-1737